| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| THE BLACKLANDS RAILROAD, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:19-CV-250 |
| § | |
| NORTHEAST TEXAS RURAL RAIL § | |
| TRANSPORTATION DISTRICT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Northeast Texas Rural Rail Transportation District's ("NETEX") Rule 12(b)(3) Motion to Transfer Venue (#3). NETEX seeks to transfer this action to the Eastern District of Texas, Tyler Division, on the grounds that the Eastern District of Texas, Beaumont Division, is an improper venue. NETEX claims the Operating Agreement between it and Plaintiff the Blacklands Railroad ("Blacklands") requires transfer to the Tyler Division in view of the forum selection clause included in the agreement. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the Beaumont Division is an improper venue and the Sherman Division is the proper venue. Therefore, NETEX's Motion is GRANTED in part and DENIED in part.

I. Background

Blacklands initiated this action in the 62nd Judicial District Court of Hopkins County, Texas. Blacklands alleges that NETEX: (1) breached the Operating Agreement, which gave Blacklands exclusive, complete control over NETEX's right-of-way and track, by soliciting business relations from Blacklands' competitors; (2) anticipatorily repudiated the Operating

Agreement; (3) falsely published disparaging statements regarding Blacklands' capabilities; (4) misappropriated Blacklands' trade secrets; (5) tortiously interfered with Blacklands' contract with Union Pacific Railroad, Iowa Northern Railway, and the Mount Vernon Economic Development Corporation; and (6) violated 49 U.S.C. § 11904 (#1-7, 3). On June 10, 2019, NETEX removed the case from Hopkins County to this court. On June 17, 2019, NETEX filed the instant motion requesting the court to transfer this case to the Tyler Division pursuant to the parties' Operating Agreement (#3, 1). The Operating Agreement states: "In the event any litigation arises in connection with this Agreement, the parties agree that jurisdiction will lie with either any Texas State court in Hunt County or Federal court in the Eastern District of Texas, Tyler division."

On July 2, 2019, Blacklands filed a response asserting that venue in the Tyler Division is improper and the case should be transferred to the Eastern District of Texas, Sherman Division, in accordance with Texas law. Blacklands argues that the action was properly filed prior to removal in Hopkins County, which the Sherman Division geographically encompasses, because the Operating Agreement's venue provision cannot be enforced under state law. Blacklands further alleges that venue selection clauses cannot waive mandatory venue provisions unless a statute grants such ability. TEX. CIV. PRAC. REM. CODE § 15.020; *In re Fisher*, 433 S.W.3d 523, 533-34 (Tex. 2014). Accordingly, Blacklands contends that Hopkins County is the mandatory venue for state court actions against NETEX pursuant to Texas law (#1-7, 2). TEX. CIV. PRAC. & REM. CODE §§ 15.0151, 15.017, 15.004.

In response, NETEX argues that the forum selection clause is valid and enforceable, and that Blacklands has not met its burden of proof to avoid enforcement (#11, 3). Further, NETEX states the court should take into consideration the following public interest factors in determining

whether venue is proper in the Tyler Division: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law (#11, 3). NETEX argues that there are not "any administrative difficulties . . . or local interests that would require venue to remain in the Beaumont Division and both [the Beaumont and Tyler Divisions] would apply the same laws."

II.     Analysis

District courts are authorized to transfer venue under both 28 U.S.C. §§ 1404(a) and 1406. "[T]he determination of whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper in that court, then § 1406 or Rule 12(b)(3) applies. If venue is proper in that court, then § 1404(a) applies." *In re Atl. Marine Constr. Co., Inc.*, 701 F.3d 736, 739 (5th Cir. 2012), *rev'd on other grounds*, 571 U.S. 49 (2013). Because NETEX asserts that venue is improper in the Beaumont Division, the court first considers § 1406 and Rule 12(b)(3)'s application before considering the relevance of the Operating Agreement.

   A.     28 U.S.C. § 1406 and Rule 12(b)(3)

"The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper." *J.D. Fields, Inc. v. Indep. Enterprises, Inc.*, 4:12-CV-2605, 2012 WL 5818229, at *8 (S.D. Tex. Nov. 13, 2012) (citing FED. R. CIV. P. 12(b)(3)); *accord Herman v. Cataphora, Inc.*, 730 F.3d 460, 463 (5th Cir. 2013); *Williamson-*

3

*Dickie Mfg. Co. v. M/V HEINRICH J*, 762 F. Supp. 2d 1023, 1026 (S.D. Tex. 2011). The relevant statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013) (hereafter "*Atl. Marine*"). If the court determines that venue is improper in this district, it may dismiss the case or transfer it to the proper venue in the interest of justice. 28 U.S.C. § 1406(a); *Atl. Marine*, 571 U.S. at 55; *Herman*, 730 F.3d at 466; *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 720 (W.D. Tex. 2013).

The general venue statute, 28 U.S.C. § 1391, usually governs whether venue is proper or improper in a district. Subsection (a) states that § 1391, "*[e]xcept as otherwise provided by law . . . shall govern the venue of all civil actions brought in district courts of the United States.*" 28 U.S.C. § 1391 (emphasis added). The United States Supreme Court has interpreted this language to mean that the federal venue provisions "alone define whether venue exists in a given forum." *Atl. Marine*, 571 U.S. at 56. Thus, "[w]hen venue is challenged, the court must determine whether the case falls within [the federal venue provisions**]**. If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* As a consequence, the parties' inclusion of a forum selection clause in their contract "has no bearing on whether a case falls" under a federal venue provision. *Id.*

The removal statute, 28 U.S.C. § 1441 supersedes § 1391 in removed actions. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); *Ashton v. Knight Transp., Inc.*, Civ. A. 309-CV-0759-B, 2009 WL 2407829, at *2 (N.D. Tex. Aug. 6, 2009); *Republic Capital Dev.*

*Grp., L.L.C., v. A.G. Dev. Grp., Inc.*, Civ.A. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005); *Dunn v. Babco Textron*, 912 F. Supp. 231, 232 (E.D. Tex. 1995). In such actions, venue is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1446; *Polizzi*, 345 U.S. at 665-66; *Dunn*, 912 F. Supp. at 232.

When an objection to venue is raised, the plaintiff bears the burden of demonstrating that venue is proper in the selected forum.[1] *Breidel v. Harris Cty. Sheriff's Office*, No. 4:13-cv-23, 2014 WL 3891693, at *3 (S.D. Tex. Aug. 6, 2014); *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013); *Zurich Am. Ins. Co.*, 982 F. Supp. 2d at 719; *Graham v. Dyncorp Int'l Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013). "If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, deemed to be true, that establish venue." *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006) (citing *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003)). The court must accept as true all the allegations in the plaintiff's complaint and resolve all factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Nuttall*, 984 F. Supp. 2d at 642; *see Zurich Am. Ins. Co.*, 982 F. Supp. 2d at 719; *Graham*, 973 F. Supp. 2d at 701; *Asevedo v. NBCUniversal Media,*

---

[1] Although the federal courts are split as to which party bears the burden of proof when venue is challenged, this court has previously adopted the majority view that the burden rests on the plaintiff. *See Payne v. Grayco Cable Servs., Inc.*, No. 1:1-CV-487, at *2 (E.D. Tex. Dec. 8, 2011). As other courts have recognized, "the burden should be on the plaintiff to institute an action in the proper place, because '[t]o hold otherwise would circumvent the purpose of the venue statutes—it would give plaintiffs an improper incentive to attempt to initiate actions in a forum favorable to them but improper as to venue.'" *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996) (quoting *Delta Airlines, Inc. v. W. Conference of Teamsters Pension Tr. Fund*, 722 F. Supp. 725, 727 (N.D. Ga. 1989)); *accord Ortiz v. Robert Holman Trucking, Inc.*, No. B-06-020, 2006 WL 1098904, at *1 (S.D. Tex. Apr. 11, 2006). Moreover, Blacklands does not contest that it bears the burden of proof.

*LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013). The court may also consider other evidence in the record "beyond the facts alleged in the complaint and its proper attachments." *Nuttall*, 984 F. Supp. 2d at 643 (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)).

Neither party contests the propriety of venue in the Eastern District; rather, the parties dispute which division within the Eastern District is proper. While NETEX filed a motion to transfer venue with the state court three days prior to removing the suit to this court, the state court did not rule upon the motion. Unlike § 1391, under which a wide array of venues might be proper, § 1441 states venue is proper in the United States district court and division embracing the place where the action was pending prior to removal. 28 U.S.C. at §§ 1391, 1441. This action was pending in Hopkins County, which is located in the Sherman Division. *Id.* at § 124(c)(3). Pursuant to § 1441(a), venue is proper in the Sherman Division to the exclusion of any other division. *Id.* at § 1441.

An appropriate forum for this action is the Eastern District of Texas, Sherman Division, the district and division embracing Hopkins County. Recognizing that the purpose of § 1406(a) "is to eliminate impediments to the timely dispositions of cases on their merits," the court finds that it is in the interest of justice to transfer this case to the Eastern District of Texas, Sherman Division. *See Youman v. Newfield Expl. Co.*, 977 F. Supp. 809, 812 (E.D. Tex. 1997). Furthermore, both parties reside within the Sherman Division. *See Atl. Marine*, 571 U.S. at 59; *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964). Rather than requiring Blacklands "to undergo what the Supreme Court termed 'time-consuming and justice-defeating technicalities,' such as the procedure of dismissal of this complaint and refiling of this lawsuit," the court finds that it is in the interest

of justice to transfer this matter to the Sherman Division, the division to which this action should have been removed initially. *Harrison v. McDonald's Mgmt. Co.*, No. 1:10CV587, 2011 WL 2036443, at *2 (S.D. Miss. May 24, 2011) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Moreover, dismissing this suit would mean forcing Blacklands alone to face the repercussions of NETEX's mistake in removing this action to an improper venue.

B. The Operating Agreement

A forum selection clause does not make an otherwise proper venue "'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." *Atl. Marine*, 571 U.S. at 59. Even so, "NETEX seeks to enforce the Operating Agreement's venue provision by transferring this action from an improper venue to the . . . Tyler Division" because NETEX contends that the forum selection clause renders the Beaumont and Sherman Divisions improper; however, contractual provisions cannot render venue improper. *See Atl. Marine*, 571 U.S. at 59. As venue is not proper in this forum under § 1441, the court must either dismiss Blacklands' suit or transfer it to a judicial district in which venue is proper under § 1406(a). *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011); *Wade v. Bordelon Marine, Inc.*, 770 F. Supp. 2d 822, 828 n.4 (E.D. La. 2011); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1078 (E.D. Tex. 1997).

Even if the Operating Agreement rendered the Tyler Division a proper venue, this court would not transfer this case to the Tyler Division because the forum selection clause is unenforceable under Texas law. The court applies the forum state's choice-of-law rules to determine what substantive law governs when the interpretation of a forum-selection clause is at

7

issue in a diversity case. *Weber*, 811 F.3d at 770-71 ("But the presence or absence of a specific choice-of-law clause does not alter the core obligation of a federal court, sitting in diversity, to ascertain which body of substantive law to apply by [] implementing the choice-of-law rules of its home jurisdiction."); *accord Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301-02 (5th Cir. 2016); *see Layne Heavy Civil, Inc. v. Carter & Verplanck, Inc.*, 16-80609-CIV, 2018 WL 6303691 *3 (S.D. Fla. Oct. 31, 2018); *Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 918 (W.D. Tex. 2016). Accordingly, Texas's choice-of-law rules apply.

Under Texas law, a court must make an initial determination of whether the agreement at issue contains a choice-of-law provision and whether that provision should be controlling. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). The Supreme Court of Texas has held that contractual choice-of-law provisions should generally be enforced. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677-78 (Tex. 1990), *cert. denied*, 498 U.S. 1048 (1991); *see Int'l Interests, L.P. v. Hardy*, 448 F.3d 303, 306-07 (5th Cir. 2006); *Fina, Inc. v. ARCO*, 200 F.3d 266, 269 (5th Cir. 2000). "The most basic policy of contract law is the protection of the justified expectations of the parties." *Nexen Inc. v. Gulf Interstate Eng'g Co.*, 224 S.W.3d 412, 419 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Chase Manhattan Bank, N.A. v. Greenbriar N. Section II*, 835 S.W.2d 720, 723 (Tex. App.—Houston [1st Dist.] 1992, no writ)); *accord DeSantis*, 793 S.W.2d at 677. "The parties' understanding of their respective rights and obligations under the contract depends in part upon how certain they are about how the law will interpret and enforce their agreement." *Chase Manhattan Bank, N.A.*, 835 S.W.2d at 723 (citing *DeSantis*, 793 S.W.2d at 677). "Judicial respect for their choice promotes the policy of protecting their expectations." *Id.* (citing *DeSantis*, 793 S.W.2d at 677); *accord Cudd Pressure Control, Inc.*

8

*v. Sonat Expl. Co.*, 202 S.W.3d 901, 904 (Tex. App.—Texarkana 2006, no pet.); *Mary Kay Inc. v. Woolf*, 146 S.W.3d 813, 816 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 544 U.S. 1061 (2005).

In the case at bar, the Operating Agreement expressly states Texas law governs: "[t]he parties agree that this Agreement shall be interpreted in accordance with the internal laws of the State of Texas." Neither party argues that the contract's choice-of-law provision is invalid or that the law of a different state should govern this dispute. Moreover, because both parties are located in Texas, the choice of Texas law bears a reasonable relationship to the parties and the Operating Agreement. *See Monsanto Co. v. Boustany*, 73 S.W.3d 225, 229 (Tex. 2002). Finally, neither party contends that the application of Texas law would thwart or offend a public policy of Texas or another possible forum. *See id.* Thus, the court finds no reason to disregard the parties' clear intention to select Texas law to govern their Operating Agreement. Hence, Texas law determines whether the venue-selection clause of the Operating Agreement requires litigation to be brought in the Tyler Division.

Under Texas law, venue "cannot be selected by private contract unless provided by statute." *In re OSH Ship Mgmt.*, 514 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2016, no pet.).[2] The Texas Civil Practice and Remedies Code mandates venue in this action in Hopkins County because NETEX resides there. TEX. CIV. PRAC. & REM. CODE § 15.0151 (libel actions against certain political subdivision must be brought in the county of the subdivision's location), § 15.017 (business disparagement claims must be brought in the county in which plaintiff or

---

[2] Under Texas law, the provision in dispute is referred to as a venue selection clause as opposed to a forum selection clause, because the provision designates a court within Texas. *Id.*

9

defendant resides), § 15.004 (if mandatory venue provisions govern one of the claims arising from the same transaction, occurrence, or series of transactions or occurrences, the provision governs all of the claims).

Pursuant to § 15.020, parties may contract around mandatory venue provisions when the agreement pertains to a "major transaction." *Id*. § 15.020. "'[M]ajor transaction' means a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate *stated* value equal to or greater than $1 million." *Id.* (emphasis added). In order for a venue provision to subvert the statutes, § 15.020 requires the terms of the contract to the include provisions stating the contract's value. *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 658 (Tex. 2005). While the Affidavit of Phil Davila states Blacklands has generated an annual revenue in excess of $1 million, neither party indicates whether the Operating Agreement states the value of the consideration or whether such a provision identifies a value in excess of $1 million. Accordingly, § 15.020 does not apply, and under Texas law, the venue selection provision is inapplicable to the issues before the court.

III. Conclusion

In accordance with the preceding analysis, this case shall be transferred to the United States District Court for the Eastern District of Texas, Sherman Division. NETEX's Motion to Transfer Venue (#3) is GRANTED in part and DENIED in part.

SIGNED at Beaumont, Texas, this 5th day of August, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE